Grew, J.
In this case all objections as to the form of the petition herein filed by the city of Mt. *532 Vernon — a copy of which petition is set out in the above statement of facts- — -were expressly waived in the courts below, and are not now insisted upon in this court. Upon the record as here presented, the sole question we are asked to determine is: What disposition is the defendant in error, as clerk of the court of common pleas of Knox county, required to make of the money received by him from fines imposed upon persons indicted and' convicted in said court for violations of the law familiarly known and designated as the “Beal municipal local option law”; is the money so received to be paid by him ifito the treasury of the county, agreeably to the provisions of Section 6802, Revised Statutes, or must it, because of the provisions of Section 4364-20^-, be paid by him into the municipal treasury of the city of Mt. Vernon? The correct answer to this question depends doubtless upon the interpretation and effect proper to be given to the provisions of Section 4364-20J3 a copy of which section is hereinafter set out. To ascertain the true intent and meaning of this section and the effect proper to be given its provisions, it will be necessary, or at least helpful, to consider briefly certain other parts and provisions of the so-called Beal municipal local option law, as well as the provisions of Sections 6802 and 1536-643, Revised Statutes. Section 4364-20, now, by incorporation or adoption, one of the sections of the Beal law, but which originally was Section 11 of the Dow law, contains a provision for the closing on Sunday of all places where intoxicating liquors are on other days sold or exposed for sale, except regular drug stores— and prescribes the penalty for violations of such *533 provision; for the first offense a fine, and for each subsequent offense a fine, or imprisonment, dr both. This clause of'the section extends to and is operative in all places and territory within the boundaries of the' state of Ohio, whether the same be within or without a municipal corporation. And one who violates this provision may be prosecuted therefor by indictment in any county of the state wherein such violation occurs. By a subsequent clause of this section it is provided: “And any municipal corporation shall have full power to regulate the selling, furnishing or giving away of intoxicating liquors as a 'beverage’ and places where intoxicating liquors are sold, furnished or given away as a 'beverage’ except as provided for in Section 4364-20C of this act.” This clause of the section provides merely fot municipal regulation, and the power thereby delegated must be exercised, if at all, by ordinance or ordinances passed for that purpose by the proper municipal authorities ; and the violation of any such ordinance would not subject or render liable, the person violating the same, to indictment by a grand jury, but the offender for such offense must be prosecuted and punished in the proper municipal court. Again, the act contains a further provision authorizing the holding of a special municipal election for the purpose of determining whether the sale of intoxicating liquors as a beverage shall be prohibited within the limits of the municipality, and if a majority of the votes cast at such election shall be in •favor of prohibiting the sale of intoxicating liquors -as a beverage, then from and after thirty days from the date of holding said election it shall be unlawful, within the limits of such corporation to *534 sell, furnish or give, away any intoxicating liquors to be used as a beverage, or to keep a place where such liquors are kept for sale, given away or furnished for beverage purposes. Any violation of this provision is made a misdemeanor, the first and second violations thereof being punishable by fine, and all subsequent violations by both fine and imprisonment. Thus it will be seen that this act requires the closing of saloons on Sunday — provides for municipal local option — and permits municipal regulation. There are, therefore, at least three sources within the provisions of the act, from which funds may be derived by way of fines —two for violations of the statute itself,, the third for violation of an ordinance passed under authority of said statute; the former may be prosecuted either in the court' of common pleas, or the municipal court, but the latter can be prosecuted only in the municipal court of the corporation wherein the violation occurs. Section 6802, Revised Statutes, which is a general law, provides: “An officer who collects any fine shall, unless otherwise required by law, within twenty days after the receipt thereof, pay the same into the treasury of the county in which such fine was assessed, to the credit of the county general fund, and shall take the treasurer’s duplicate receipts therefor, and forthwith deposit one of the same with the county auditor.” Section 1536-643, Revised Statutes, which is retained as one of the sections of the municipal code, provides: “All fines and forfeitures which may be collected by the mayor, or which may in any manner come into his hands, and all moneys which may be received by him in his official capacity, other than his fees of office, shall be *535 by him paid over to the treasurer of the corporation weekly; and at the first regular meeting of the council in each and every month, he shall submit a full statement of all such moneys received, from whom and for what purpose receiyed, and when paid over; but all fines, penalties and forfeitures collected by him in ■ state cases shall be paid by him over to the county treasurer monthly.” It is conceded that whatever doubt and uncertainty there may be in the present case, as to whether the county or municipal treasury is the rightful depository for the fines. received and held by the defendant in error, it is such only, as arises from the language employed in Section 4364-20°', which is one of the sections of the Beal municipal local option law, and reads as follows: “Money received from fines and forfeited bonds collected under the provisions of this act shall be paid into the treasury of the municipal corporation wherein said fine was imposed or bond forfeited, and shall be applied to such fund or funds as the council of said corporation may direct.” It is claimed by counsel for plaintiff in error that by force of the provisions of this section, all fines imposed for a violation of Section 4364-20, Revised Statutes, or any of the provisions of the municipal local option law, must be paid into thé treasury of the municipal corporation wherein said fine is imposed, whether such fine be one imposed by the court of common pleas, or by the municipal court. In other words, the claim is, that the proper disposition to be made of fines imposed' under this act, is determined solely by the locus of the court imposing the fine without regard to whether the prosecution is in a state court for the violation of *536 a state law, or is in the municipal court for the violation of either the state law or an ordinance of the municipality. While this contention of counsel finds some warrant in a literal interpretation of the language of said section, such we think is not the meaning of the section when its language is interpreted, as it must be, in connection with, and in the light of, other cognate provisions of the Revised Statutes. Nor do we think that any such result as that which would necessarily follow from the construction contended for, was ever anticipated or intended by the legislature. If it be the correct interpretation of this section that all fines collected under the provisions of the municipal local option law are to be paid into the .the treasury of the municipal corporation wherein such fines are imposed, it follows that for a violation of said act, if the prosecution be by indictment in the court of common pleas, the fine imposed must be paid by the clerk of said court into the municipal treasury at the county seat; although the offense for which such fine is imposed may have been committed in a distant part of the county, or within some other municipality of the county, or in case of an illegal sale, or the keeping open of a saloon on Sunday, the offense may not have been committed within the limits of any municipal corporation. Certainly a construction that leads to such unreasonable and unjust consequences ought not to be adopted, if the purpose of the legislature may reasonably be effectuated by a different construction more nearly in harmony with other provisions of the statutes as to the disposition to be made of fines collected in ¡criminal cases. The fundamental inquiry in all *537 judicial construction being to ascertain the intention of the legislature and the object to be attained by the particular enactment, these considerations will control the literal interpretation of the language used in the act itself. And where the meaning of a statute is doubtful, the construction most agreeable to reason and justice should be adopted as the one most probably embodying the intention of the law makers. In the present case, in support of their claim as to the proper interpretation and construction of Section 4364-20°', it is suggested by counsel for plaintiff in error as a reason for the enactment of said section, that municipalities which avail themselves of the provisions of the municipal local option law, thereby forfeit or lose the benefits which they might otherwise receive from the tax imposed upon the traffic in intoxicating liquors under the Dow law, and that it was the purpose of the legislature in enacting this section to put into the municipal treasury of such municipalities all fines imposed and collected for a violation of the municipal local option law, by way of compensation to them for the loss of said Dow tax. This suggestion might be somewhat persuasive if the statute provided that the fines or forfeitures should be paid into the treasury of the corporation wherein the violation occurred, but such is not the language of the enactment; the provision is, that the same shall “be paid into the treasury of the municipal corporation wherein said fine was imposed or bond forfeited.” And it may very well, and very often, occur, that a fine will be imposed for a violation of this act by a court or magistrate sitting in a municipality where the municipal local option law is not in force, in *538 which case, if the construction contended for by plaintiff in error is to prevail, the fine imposed would be paid into the treasury of a municipality that would have lost nothing because of any surrender of its right to collect the Dow tax. These are facts and. conditions which it must be presumed were known to, and considered by, the legislature at the time of the enactment of Section 4364-20^. But for the enactment of Section 4364-200- all fines collected for violations of the municipal local option law, including fines collected for violations of the law as to Sunday sales, and requiring Sunday closing, would have to be paid into the county treasury, whether such fine was imposed and collected in the court of common pleas, or in the mayor’s, or other municipal court. To correct and relieve against this apparent injustice the legislature by the enactment of Section 4364-20^- intended, we think, to make provision that where the prosecution for any such violation is instituted and carried on in the municipal court, by the municipal authorities, that the municipality should have the benefit thereof, and that the fine imposed as a result of any such prosecution should he paid into the treasury of the municipality wherein such prosecution is had and said fine imposed, the same as in prosecutions for violations of a municipal regulation adopted under favor of this act. That the legislature did not intend more than this ■is made apparent, we think, by the fact that it did not amend, or repeal either Section 6802 or Section 1536-643, Revised Statutes, but left the same in full force and effect, except, perhaps, in so far as the last clause of Section 1536-643 is by implication modified by the provisions of Section -4364- *539 20g. We are of opinion,' therefore, that where a fine is imposed by the court of common pleas in a prosecution instituted in that court, for a violation of either the municipal local option law, the law prohibiting the sale of intoxicating liquor on Sunday, or the law requiring the closing of saloons on Sunday, such fine must, when collected, be paid into the county treasury. But where a fine is imposed and collected by a municipal court for a violation of either of said laws the same must be paid into the treasury of the municipal corporation wherein such fine was imposed.

Judgment affirmed.

Shauck, C. J., Price, Spear and Davis, JJ., concur.